a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TAMONTRELL THORNTON #581800, Petitioner | CIVIL DOCKET NO. 5:25-CV-00331 SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KEITH COOLEY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Tamontrell Thornton ("Thornton").  ECF No. 1. Thornton is incarcerated at Allen Correctional Center in Kinder, Louisiana.  He challenges his conviction and sentence imposed in the First Judicial District Court, Caddo Parish, Louisiana.

Because Thornton's Petition is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Thornton pleaded guilty to manslaughter in 2011.  ECF No. 1-2 at 1.  He filed a "Petition for Nullification" on June 12, 2024, arguing that his guilty plea should be vacated because he was not informed of the minimum and maximum possible sentences.  ECF No. 1-3 at 1.  The trial court denied the motion as an untimely application for post-conviction relief.  *Id.*  The Louisiana Second Circuit Court of

Appeal and Louisiana Supreme Court denied writs. *Id.* at 3-5; *State v. Thornton*, 2024-01372, p. 1 (La. 2/5/25); 400 So.3d 96.

Thornton seeks habeas relief because the trial court did not ensure that he understood the sentencing range. ECF No. 1-2 at 2. Thornton asserts that his plea is a contract that should be nullified. *Id.* at 3.

II.   Law and Analysis

    A.   Rule 4 of the Rules Governing § 2254 Cases governs Thornton's Petition.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases). This is such a pleading.

    B.   Thornton's Petition is untimely.

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period runs from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States

>> is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief is counted against the one-year limitations period. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998)). Federal courts may raise the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Thornton does not allege a new factual predicate, state-created impediment, or a newly recognized constitutional right. Thus, § 2244(d)(1)(B), (C), and (D) are not applicable. Under § 2244(d)(1)(A), the one year limitations period began on April 22, 2011, when the time for seeking review in the appellate court expired. Thornton had until April 22, 2012, within which to file a timely § 2254 petition.

Although Thornton sought post-conviction review on June 12, 2024, through a "Petition for Nullification of Contract," the AEDPA limitations period had already expired. Furthermore, the nullification request was not "properly filed" because it

was untimely. *See Villegas*, 184 F.3d at 469. Therefore, the untimely post-conviction application has no effect on the statute of limitations.

### C. Thornton is not entitled to equitable tolling.

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, none exist in this case. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). A petitioner must show diligent pursuit of rights, and that some extraordinary circumstance prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)).

Thornton provides no extraordinary circumstance that prevented him from timely filing a habeas petition.

## III.  Conclusion

Because Thornton's Petition is untimely, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service,

unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Friday, June 13, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE